"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 10 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARIA PIZ,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. CV 08-0076 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

    Plaintiff filed a Complaint herein on January 7, 2008, seeking review of the Commissioner's denial of her application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on October 1, 2008. Thus, this matter now is ready for decision.[1]

## DISPUTED ISSUES

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

    1.    Whether the Administrative Law Judge ("ALJ") properly assessed the plaintiff's severe physical impairments.

    2.    Whether the ALJ erred in his assessment of the plaintiff's mental impairment.

    3.    Whether the ALJ properly assessed the plaintiff's subjective symptoms and credibility.

## DISCUSSION

**A.** **Whether the ALJ properly assessed the plaintiff's severe physical impairments**

Preliminarily, the Court notes that plaintiff's counsel did a wholly inadequate job in the Joint Stipulation of articulating the particular respects in which plaintiff contends that the ALJ failed to properly assess plaintiff's severe physical impairments. However, as best the Court can glean from plaintiff's contentions and the Commissioner's response thereto, plaintiff appears to be contending that the ALJ erred in at least the following two respects: (1) failing to fully credit the opinions of plaintiff's treating physician, Dr. Rabinovich, in making his determination of plaintiff's residual functional capacity ("RFC"); and (2) failing to use a medical expert to interpret the medical evidence in violation of his duty to fully develop the record.

With respect to the latter contention, the Court notes that the case cited by plaintiff in support of this contention merely stands for the general proposition that "[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). Smolen did not hold that the failure to use a medical expert to interpret the medical evidence constituted a violation of the ALJ's duty to fully and

fairly develop the record. The Court further notes that plaintiff's "Reply Regarding Issue No. 1" is nonresponsive to the Commissioner's contentions that it was sufficient for the ALJ to rely on the State Agency physician's opinions regarding plaintiff's physical impairments based on his review of the medical evidence and that there was no need to call a medical expert because the ALJ did not find that the record was ambiguous or inadequate to make a proper evaluation. (See Jt Stip at 7). The Court construes plaintiff's failure to reply to the Commissioner's contentions as a concession to the correctness of the Commissioner's position. See also Orellana v. Astrue, 2008 WL 398834, at *11 (E.D. Cal. Feb. 12, 2008) (noting that "the ALJ generally is not obligated to have a medical expert testify at the administrative hearing unless the onset date cannot be ascertained or the expert is required to help develop the record with respect to a claimant's mental impairments").

However, the Court concurs with plaintiff that the ALJ erred in failing to fully credit the opinions of plaintiff's treating physician, Dr. Rabinovich, and in particular Dr. Rabinovich's opinion that plaintiff's cervical spine impairment precluded repeated flexion, extension, or rotation of the cervical spine.[2] (See AR 151). It is well established in this Circuit that a treating physician's opinion is entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient

---

[2] Although the ALJ did not explicitly state that he was rejecting Dr. Rabinovich's opinion that plaintiff's cervical spine impairment precluded repeated flexion, extension, or rotation of the cervical spine, the ALJ's failure to incorporate that limitation into his RFC determination (see AR 407) constituted an implicit rejection of that opinion.

3

medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527 and 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted by the opinion of other physicians of record, it may be rejected only for specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Although not entirely clear, the Commissioner appears to be contending that Dr. Rabinovich's limitations on flexion, extension and rotation conflicted with the limitations assessed by another of plaintiff's treating physicians, Dr. Schames. (See Jt Stip at 6). However, as the ALJ noted (see AR 407), Dr. Schames was a dental surgeon who only was treating plaintiff for her TMJ dysfunction. Dr. Schames did not purport to be rendering an opinion on the limitations caused by plaintiff's spinal impairment. (See AR 129-41). Moreover, even if the check-off form regarding plaintiff's physical limitations completed by the State Agency physician, Dr. Lizarraras (see AR 265-73), were construed as an opinion that conflicted with Dr. Rabinovich's opinion that plaintiff's cervical spine impairment precluded repeated flexion, extension, or rotation of the cervical spine, Dr. Lizarraras's opinion in itself would not constitute a sufficient reason to reject Dr. Rabinovich's opinion, but rather would merely be determinative of the governing standard for rejecting Dr. Rabinovich's opinion.

Further, the Court notes that, contrary to the Commissioner's characterization, the ALJ nowhere stated in his decision that the reason he was not including Dr. Rabinovich's limitations on flexion, extension and rotation in the ALJ's RFC determination was because "there were negative MRI findings for Plaintiff's neck." (See Jt Stip at 6). The ALJ's passing reference to the negative MRI findings was a reference to Dr. Rabinovich's report. (See AR 407, citing AR 150). Moreover,

4

despite those negative MRI findings, the ALJ found that one of plaintiff's severe impairments was "cervical spine sprain/strain." (See AR 406). The Court therefore finds that the negative MRI findings cited by the Commissioner would not have constituted a specific and legitimate reason for rejecting Dr. Rabinovich's opinion that plaintiff's cervical spine impairment precluded repeated flexion, extension, or rotation of the cervical spine even if the ALJ had given that reason (which he did not).

**B.    Whether the ALJ erred in his assessment of plaintiff's mental impairment**

Preliminarily, the Court does not construe the ALJ's statement that Dr. Tholen's opinion was entitled to no weight (see AR 408) as a reference to Dr. Tholen's opinion in its entirety, as plaintiff does. (See Jt Stip at 8). Later in his decision, the ALJ stated that he was giving weight to the permanent and stationary restrictions set forth by Dr. Tholen. (See AR 410). Therefore, like the Commissioner, the Court construes the ALJ's statement that Dr. Tholen's opinion was entitled to no weight as solely a reference to Dr. Tholen's opinion that plaintiff had been disabled since October 2003.

However, the Court is unable to affirm the ALJ's assessment of the mental limitations caused by plaintiff's mental impairment because, while the ALJ stated that he was giving weight to Dr. Tholen's permanent and stationary restrictions, it is evident from the hearing decision that the ALJ failed to consider the definitions of the terms "slight," "moderate," and "severe," when utilized for purposes of the rating schedule which has been adopted by the Administrative Director of the Division of Workers Compensation (of the California Department of Industrial Relations) pursuant to the authority of Cal. Labor Code § 4660(b), and to translate those terms from the workers' compensation setting into the parlance of Social Security disability determinations. See Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1993); Desrosiers,

846 F.2d at 576; Payan v. Chater, 959 F. Supp. 1197, 1204 (C.D. Cal. 1996).[3] Further, while the ALJ stated that he also was giving weight to Dr. Michael's opinion (see AR 410), which the ALJ had noted limited plaintiff to work entailing simple, repetitive tasks (see AR 409, citing AR 246-49), the ALJ failed to provide any reasons for why he did not include that limitation in his RFC determination.

### C. Whether the ALJ properly assessed the plaintiff's subjective symptoms and credibility

It is well established in this Circuit that, where as here, the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The Court concurs with plaintiff that the ALJ erred by failing to specify which statements by plaintiff concerning her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen, 80 F.3d at 1284; see also Social

---

[3] As plaintiff points out, for worker's compensation purposes, a "slight" level of impairment means a "noticeable" impairment, a "moderate" impairment means a "marked" impairment, and a "severe" impairment means "unable to perform work function." See Cal. Code Regs., tit. 8, § 43 (2008). If the significance of Dr. Tholen's assessment of plaintiff's permanent and stationary restrictions was unclear, then the ALJ failed in his duty to adequately develop the record. See Brown, 713 F.2d at 443 ("This duty exists even when the claimant is represented by counsel."). "In cases of mental impairments, this duty is especially important." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

Security Ruling ("SSR") 96-7p (requiring that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record," and that the decision "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").[4] The Court further concurs with plaintiff that the daily activities cited by the ALJ also do not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) (holding that daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The Court further concurs with plaintiff that her testimony regarding her limited ability to speak, understand, write, and read English also does not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony. Indeed, one of the ALJ's findings was that plaintiff had a marginal education and was not able to communicate in English. (See AR 410).

---

[4] The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff is not seeking a remand for the payment of benefits. Rather, the relief sought by plaintiff is that "the case be remanded for a new hearing to evaluate all of the evidence of record, as well as the plaintiff's credibility and subjective symptoms in accordance with Social Security Ruling 96-7p." (See Jt Stip at 16).

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: October 10, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court is not limiting the scope of the remand.

8